HUNN v. HUNN, appellant.

*Evidence — confidential communications to physicians— Adultery.*

In an action for divorce, upon the ground of adultery, a physician testified to certain circumstances and conversations tending to establish the fact of adultery, and stated that he derived his information from the defendant as a patient, in professional confidence. *Held,* that the testimony of witness was inadmissible, under the statute forbidding the disclosure by a physician of professional communications (2 R. S. 406, § 73).

A witness testified that he saw defendant in a saloon where a girl attended the bar. Saw the girl and defendant go into a hall together. There was no evidence as to the character of the house. *Held,* insufficient to establish adultery.

THIS action is one for a divorce on the ground of adultery. The defendant answered denying the adultery charged in the complaint, and setting up the adultery of the plaintiff as a defense.

The issue was referred to a referee for trial.

The referee finds that the defendant had committed the adultery charged and directed judgment for the plaintiff. Judgment was accordingly ordered by the court in confirmation of said report, from which the defendant appealed to this court.

One of the witnesses for plaintiff, in answer to the interrogatories of counsel, testified as follows: " I am a physician and practicing at Phœnix; the defendant was a patient of mine in the fall and winter of 1869 and 1870. The conversation I am asked to state by the plaintiff was in a degree confidential; he called on me as a phy-

sician for professional advice; we occupied the relation of physician and patient."

Defendant's counsel objected to any communication or conversations between witness and defendant in relation to the subject of their consultations, on the ground that they were privileged communications.

The objection was overruled, to which defendant's counsel excepted. The witness then gave a detailed statement of certain facts and admissions tending to show the commission of adultery by defendant.

*W. Sanders*, for appellant, cited *Wood* v. *Wood*, 2 Paige, 108; 3 R S. 690, § 104 (5th ed.); *Johnson* v. *Johnson*, 4 Paige, 468; S. C., 14 Wend. 641; *Williamson* v. *Williamson*, 1 Johns. Ch. 488.

*L. W. Robinson*, for respondent, cited 4 Sandf. Ch. 692; *Van Epps* v. *Van Epps*, 6 Barb, 320; *Langstaff* v. *Langstaff*, Wright, 148; *Richardson* v. *Richardson*, 4 Part. 467; Bishop on Marriage and Divorce, 626; *Loveden* v. *Loveden*, 2 Hag. Con. I, 24; *Johnson* v. *Johnson*, 4 Paige, 460; 7 id. 60; *Smith* v. *Smith*, 4 id. 432; *Calkins* v. *Long*, 22 Barb. 97; *Stephens* v. *Vroman*, 18 id. 250; *Johnson* v. *Johnson*, 14 Wend. 637; *Matchen* v. *Matchen*, 6 Barb. Ch. 332; *Turney* v. *Turney*, 4 Edw. Ch. 566.

E. D. SMITH, J. The finding of the referee that during the summer of 1869 the said defendant, while navigating or running a canal boat, upon the Erie canal and other canals of the State, did commit adultery and have carnal connection with a certain woman employed by him on said boat as a cook, was based entirely upon the testimony of the witness Rice. Rice was a physician, and by his testimony the plaintiff proved that the defendant had the venereal disease in December, 1869, and took it from a female on board his boat previously to that time in said year. This evidence was objected to by the defendant's counsel before it was given, on the ground that it was proof of communications or conversations which were privileged and inadmissible, and the objection was overruled. The physician stated that the defendant called on him as a physician for professional advice, and that they occupied the relation of physician and patient.

The evidence given by this witness was clearly inadmissible under

statute prohibiting a physician from disclosing any information which he may have acquired in attending any patient in a professional character. 3 R. S. 690 (5th ed.), § 104; 2 id. 406, § 73; *Johnson* v. *Johnson*, 4 Paige, 468; S. C. on appeal, 14 Wend. 641.

The finding of the referee, also, that the defendant committed adultery with a female unknown to the plaintiff, at a house of ill-fame in Buffalo, in the month of July, 1871, is, I think, not sustainable upon the evidence. The witness Albio, upon whose testimony this finding is based, does not in fact testify that he saw the defendant in the city of Buffalo in the year 1871. He saw him there in 1869, and then saw him in a saloon about 8 o'clock in the evening. A girl tended the bar, and he saw the girl go from the bar into a hall, and the defendant also went into the same hall; and that is all he saw. There was no reliable proof that this was a house of ill-fame at that time, or that the defendant had any intercourse with any female therein. The evidence was altogether too weak and loose to base a finding that the defendant then and there committed adultery, as found.

The judgment, I think, should be reversed, and a new trial granted.

*Judgment reversed.*